IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SEDRICK DEWAYNE ALTHEIMER,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY, WASHINGTON, and PIERCE COUNTY SHERIFF EDWARD C. TROYER, (a/k/a Ed Troyer) in his individual and official capacity,<br><br>Defendants. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES** |

## I.   NATURE OF ACTION

1.1   This is an action for violations of 42 U.S.C. § 1983 for violations of Plaintiff Sedrick Dewayne Altheimer's Fourth Amendment rights to be free from unreasonable search and seizure and violations of Plaintiff's Fourteenth Amendment substantive and due process rights and violations of related Washington state laws.

## II.   PARTIES

2.1   Plaintiff Sedrick Dewayne Altheimer, has at all relevant times, been a resident of Pierce County, Washington.

2.2   Defendant Pierce County, Washington is a Washington municipal corporation organized under the laws of the State of Washington to conduct governmental business.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1 of 8

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

2.3     Defendant Pierce County Sheriff Edward C. Troyer (a/k/a Ed Troyer), has at all relevant times, been a resident of Pierce County, Washington.

### III.     JURISDICTION AND VENUE

3.1     This action arises from the false reporting, unreasonable search and seizure, false arrest, and malicious prosecution of Plaintiff Sedrick Dewayne Altheimer committed by Defendant Pierce County, Washington and Defendant Pierce County Sheriff Edward C. Troyer (a/k/a Ed Troyer). The incidents giving rise to these actions occurred in Pierce County, Washington.

3.2     Jurisdiction is vested in this Court under RCW 2.08.010.

3.3     King County is the proper venue for this action pursuant to RCW 36.01.050.

3.4     On or about June 15, 2021, Plaintiff filed an Administrative Claim for Damages pursuant to RCW 4.96.020. More than sixty (60) days have elapsed since the claim was filed with Defendant Pierce County, Washington.

3.5     The filing of the Administrative Claim for Damages satisfies the notice requirement to Pierce County, Washington pursuant to RCW 4.96.020.

### IV.     BACKGROUND FACTS

4.1     Plaintiff Sedrick Dewayne Altheimer (hereinafter "Mr. Altheimer") is a man of African American descent.

4.2     Mr. Altheimer is employed as a newspaper carrier.

4.3     Mr. Altheimer's delivery routes include the area of N. 27th Street and Deidra Circle in Tacoma, Washington.

4.4     Mr. Altheimer was delivering newspapers at approximately 2:00 a.m. on the morning on January 27, 2021.

4.5     Defendant Pierce County Sheriff Edward C. Troyer (hereinafter "Sheriff Troyer") began following Mr. Altheimer while he was in the process of delivering newspapers to homes on his regular route.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2 of 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

4.6     Mr. Altheimer noticed a white Chevrolet Tahoe SUV stalking him through the neighborhood in which he was delivering newspapers.

4.7     When the white Chevrolet Tahoe SUV continued to stalk Mr. Altheimer through the neighborhood, Mr. Altheimer stopped his vehicle to try to learn why the person in the white Chevrolet Tahoe SUV was following him.

4.8     Mr. Altheimer approached the white Chevrolet Tahoe SUV and learned that it was being driven by a person he learned was Sheriff Troyer.

4.9     Mr. Altheimer asked Sheriff Troyer if he was a police officer to which he received no response.

4.10    Mr. Altheimer asked why Sheriff Troyer was following him.

4.11    Mr. Altheimer and Sheriff Troyer's vehicles were facing one another in the street on N. 27th Street and Deidra Circle in Tacoma, Washington.

4.12    Sheriff Troyer contacted 911 emergency dispatch to report "officer in trouble" and/or "officer needs help."

4.13    Sheriff Troyer falsely reported to 911 emergency dispatch that "subject" (Mr. Altheimer) was making threats to kill him.

4.14    Sheriff Troyer falsely reported to 911 emergency dispatch that Mr. Altheimer's gray car was in the driveway of the Troyer home.

4.15    Sheriff Troyer repeated the false report to 911 emergency dispatch that Mr. Altheimer had threatened to kill him.

4.16    Sheriff Troyer told 911 emergency dispatch that he had Mr. Altheimer "blocked in."

4.17    Sheriff Troyer falsely reported to 911 emergency dispatch that Mr. Altheimer tried to get into the Troyer home garage.

4.18    Sheriff Troyer again falsely reported to 911 emergency dispatch that Mr. Altheimer threatened to kill him.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3 of 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

4.19   Sheriff Troyer falsely reported to 911 emergency dispatch that Mr. Altheimer had a garage door opener.

4.20   Sheriff Troyer falsely reported to 911 emergency dispatch that Mr. Altheimer was "pushing against" his vehicle.

4.21   Sheriff Troyer falsely reported to 911 emergency dispatch that Mr. Altheimer stated to him that he (Sheriff Troyer) was a "cop" and then that he threatened Sheriff Troyer's life.

4.22   Sheriff Troyer told 911 emergency dispatch operator that the police had arrived. He said, "Tacoma's here."

4.23   More than 40 officers responded to Sheriff Troyer's false report that Mr. Altheimer had threatened to kill him.

4.24   The police activated their lights and sirens when they approached Mr. Altheimer at approximately 2:05 a.m. on the morning of January 27, 2021.

4.25   Several officers approached Mr. Altheimer's vehicle with their flashlights pointing at him.

4.26   One officer barked at Mr. Altheimer to keep his hands on the steering wheel. When Mr. Altheimer said that his hands were on the steering wheel, but wanted to know why he was being stopped and questioned, the responding officer said, "He (Sheriff Troyer) called that someone just threatened his life."

4.27   Tacoma Police Officer Darryl Ventura demanded that Mr. Altheimer get out of his vehicle.

4.28   Once Mr. Altheimer exited his vehicle, another Tacoma police officer searched him for weapons.

4.29   Officer Ventura conducted an interrogation of Mr. Altheimer.

4.30   Mr. Altheimer asked Officer Ventura if he was under arrest to which Officer Ventura replied that he was not, but that he was not free to go.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4 of 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

4.31 When Mr. Altheimer asked why he was not free to go, Officer Ventura asked if Mr. Altheimer wanted to be placed in handcuffs.

4.32 Several officers had body cameras activated. All the cameras were pointed at Mr. Altheimer.

4.33 Tacoma Police Officer Chad Lawless interviewed Sheriff Troyer.

4.34 No body camera footage captured Officer Lawless' interview of Sheriff Troyer.

4.35 Sheriff Troyer admitted to Officer Lawless during the interview that Mr. Altheimer did not threaten to kill him.

4.36 Sheriff Troyer also admitted to Officer Lawless that he did not see Mr. Altheimer with any weapons.

4.37 During Officer Ventura's interrogation of Mr. Altheimer, Officer Ventura said that Sheriff Troyer reported that Mr. Altheimer threatened to kill Sheriff Troyer.

4.38 When Mr. Altheimer asked what would be done to Sheriff Troyer for lying about any threats, Officer Ventura responded, "I'm not going to blow smoke up your ass and say something is going to be done about it."

4.39 Officer Ventura told Mr. Altheimer, "We never arrest anyone for false accusations."

4.40 Mr. Altheimer repeatedly stated that he was being followed and stopped because he is a Black man in a white neighborhood.

4.41 Mr. Altheimer was traumatized by both the stalking and the police detention precipitated by Sheriff Troyer's false reports against Mr. Altheimer.

4.42 Mr. Altheimer feared for his life during the police stop and interrogation.

4.43 Mr. Altheimer has had to make life changing alterations to both his work and his personal life because of the trauma he faced as a result of the stalking and the police detention caused by Sheriff Troyer's false accusations. Mr. Altheimer feared for his life during the police stop and interrogation.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5 of 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

4.44 Sheriff Troyer's actions and false reports against Mr. Altheimer were made because of Sheriff Troyer's racial animus and his reckless disregard for Mr. Altheimer's civil rights.

4.45 Sheriff Troyer knowingly made false reports to 911 emergency dispatch about Mr. Altheimer with the knowledge that Black people around the country are routinely the victims of police brutality leading to injury and death.

4.46 Mr. Altheimer has sustained severe emotional distress because of the stalking and false reporting perpetrated by Sheriff Troyer in the early morning of January 27, 2021.

4.47 Mr. Altheimer has sustained severe emotional distress because of the detention of him caused by Sheriff Troyer's false reporting about Mr. Altheimer to 911 emergency dispatch in the early morning of January 27, 2021.

4.48 At all relevant times, Sheriff Troyer was acting under color of state law.

4.49 At all relevant times, Sheriff Troyer was acting in his individual and/or official capacity.

4.50 At all relevant times, Sheriff Troyer's actions toward Mr. Altheimer were malicious.

4.51 Upon information and belief, Pierce County, Washington took no action against Sheriff Troyer.

4.52 Pierce County Council initiated an investigation after the Washington State Attorney General's investigation of Sheriff Troyer's conduct on January 27, 2021, was underway.

## V.   CAUSES OF ACTION

5.1 Plaintiff hereby realleges the substance of sections I, II, III, and IV and by this reference incorporates them herein.

5.2 Defendants' conduct constitute false reporting, false arrest, and malicious prosecution.

5.3 Defendants' conduct constitute intentional infliction of emotional distress.

5.4 Pierce County, Washington is liable under 42 U.S.C. § 1983 for depriving Sedrick Dewayne Altheimer of his Fourth Amendment rights because of its deliberate indifference to Mr.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6 of 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

Altheimer's constitutional rights by failing to have an appropriate policy that could have prevented the violation.

5.5  Defendant Pierce County Sheriff Edward C. Troyer (a/k/a Ed Troyer) is liable for false reporting pursuant to RCW 9A.84.030, RCW 4.24.350, 25 C.F.R. § 11.431 and related statutes.

5.6  Defendant Pierce County Sheriff Edward C. Troyer (a/k/a Ed Troyer) is liable under 42 U.S.C. § 1983 for violating Sedrick Dewayne Altheimer's Fourth Amendment due process rights to be free of false arrest, unreasonable search and seizure, and deprivation of liberty based on false reporting.

5.7  Defendant Pierce County Sheriff Edward C. Troyer (a/k/a Ed Troyer) is liable under 42 U.S.C. § 1983 for violating Sedrick Dewayne Altheimer's equal protection rights under the Fourteenth Amendment to be free of racial animus.

## VI.  RELIEF REQUESTED

6.1  Plaintiff hereby realleges the substance of sections I, II, III, IV, and V and by this reference incorporates them herein.

WHEREFORE, Plaintiff respectfully requests this Court grant him relief to include:

a. Economic damages;
b. Emotional distress, humiliation, fear, trauma, pain and suffering, and any medical expenses flowing therefrom, and damages to be proved at trial;
c. Special damages in an amount to be proved at trial;
d. Punitive damages;
e. Plaintiff's reasonable attorney fees pursuant to 42 U.S.C. § 1988 and RCW 4.24.350;
f. Costs of suit as provided by 42 U.S.C. § 1988 and RCW 4.24.350;
g. Prejudgment interest at the highest lawful rate;
h. Tax consequences; and
i. Such other and further relief as the Court may deem just and equitable.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7 of 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

1   DATED this 25th day of September 2021.

By: */s/ Vonda M. Sargent*
Vonda M. Sargent, WSBA #24552
*Attorney for Plaintiff*
Law Offices of Vonda M. Sargent
119 First Avenue South, Suite 500
Seattle, WA 98104
Telephone: (206) 838-4970
Facsimile:  (206) 682-3002
Email: sisterlaw@me.com

By: */s/ Susan B. Mindenbergs*
Susan B. Mindenbergs, WSBA #20545
*Attorney for Plaintiff*
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Facsimile:  (206) 447-1523
Email: susanmm@msn.com

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 8 of 8

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM