The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEDRICK DEWAYNE ALTHEIMER,

    Plaintiff,

vs.

PIERCE COUNTY, WASHINGTON, and PIERCE COUNTY SHERIFF EDWARD C. TROYER (a/k/a/ Ed Troyer), in his individual and official capacity,

    Defendants.

NO. 2:21-cv-01437 RSM

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION

NOTE ON MOTION CALENDAR:
June 2, 2023

[Commented [CS1]: NOTE: 12 page limit]

## I.    INTRODUCTION AND RELIEF REQUESTED

Defendant Edward C. Troyer ("Defendant Troyer") moves this Court to enter an Order compelling Plaintiff Sedrick Dewayne Altheimer ("Plaintiff") to provide complete and accurate responses to two interrogatories and three requests for production included within Defendant Troyer's First Interrogatories and Requests for Production to Plaintiff. Additionally, Defendant Troyer requests that the Court enter an Order compelling Plaintiff to undergo a mental examination pursuant to Fed. R. Civ. P. 35(a).

## II.    STATEMENT OF FACTS

Plaintiff alleges that on the morning of January 27, 2021, Defendant Troyer followed Plaintiff as he drove his automobile through the neighborhood of N. 27th Street and Deidra Circle

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 1
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

1  in Tacoma, Washington.  Plaintiff states that he was delivering newspapers.[1]  Plaintiff's claims
2  stem from Defendant Troyer's alleged actions and statements that morning.[2]  Plaintiff contends
3  that Defendant Troyer is liable for false reporting to police.  Plaintiff alleges that Defendant Troyer
4  falsely reported statements to 911 emergency dispatch that, among other things, Plaintiff made
5  threats to kill him [Defendant Troyer], falsely reported that he had Plaintiff's car "blocked in," and
6  that Plaintiff physically "pushed against" his vehicle.[3]

7  Plaintiff argues that Defendant Troyer violated Plaintiff's Fourth Amendment and
8  Fourteenth Amendment due process rights and is liable under 42 U.S.C. § 1983 based on the
9  following grounds:  due process freedom from false arrest, unreasonable search and seizure, and
10 deprivation of liberty based on false reporting.[4]  Plaintiff further alleges Defendant Troyer violated
11 Plaintiff's equal protection rights under the Fourteenth Amendment to be free of racial animus.[5]

12 In his Complaint, Plaintiff alleges that he was "traumatized" and "has had to make life
13 changing alterations to both his work and his personal life because of the trauma he faced as a
14 result of" Defendant Troyer's alleged conduct.[6]  Plaintiff states that he has "sustained severe
15 emotional distress" because of Defendant Troyer's alleged actions.[7]  Plaintiff requests relief
16 including economic damages and "[e]motional distress, humiliation, fear, trauma, pain and
17 suffering, and any medical expenses flowing therefrom, and damages to be proved at trial."[8]

18 In his Initial Disclosures, Plaintiff identified certain people likely to have discoverable
19 information.[9]  Additionally, in accordance with Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiff
20 represented that he has in his possession, custody, or control certain documents, electronically
21 stored information, and tangible things that he may use to support his claims, identifying

---

[1] ECF 1-1, ¶¶ 4.3 – 4.4.
[2] ECF 1-1, ¶¶ 4.1 – 4.52.
[3] ECF 1-1, ¶¶ 5.5, 4.13, 4.15, 4.18, 4.16, and 4.20, respectively.
[4] ECF 1-1, ¶¶ 5.4 – 5.7.
[5] ECF 1-1, ¶ 5.7.
[6] ECF 1-1, ¶¶ 4.41 and 4.43.
[7] ECF 1-1, ¶¶ 4.46 and 4.47.
[8] ECF 1-1, ¶ 6.1(a) and (b).
[9] Declaration of L. Clay Selby in Support of Motion to Compel ("Selby Declaration"), **Exhibit A**.

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 2
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone:  (253) 327-1900
Facsimile:  (253) 327-1700

1  employment records from Steiner Distribution and therapy records by Dr. Katrina Sanford, PsyD.
2  Finally, regarding computation of categories of damages, Plaintiff identified both economic
3  damages and "[e]motional distress, humiliation, fear, trauma, pain and suffering, and any medical
4  expenses flowing therefrom . . . ."

**A.     Discovery Requests**

On March 14, 2023, Defendant Troyer propounded his First Interrogatories and Requests for Production to Plaintiff.[10]  Plaintiff delivered his objections and responses on April 21, 2023, and his signed verification on April 24, 2023.[11]

For this Motion to Compel, Defendant Troyer directs the Court's attention to Interrogatory Nos. 4 and 6 and Request for Production ("RFP") Nos. 1, 2, and 9, the answers and responses to which Defendant Troyer deems incomplete and insufficient.  For ease of tracking, Defendant Troyer will address the discovery requests in the order presented in Defendant Troyer's First Interrogatories and Requests for Production to Plaintiff.

Defendant Troyer's first RFP reads as follows:

**REQUEST FOR PRODUCTION NO. 1:**  Produce all documents and written communications, including, but not limited to, letters, cards, emails, text messages, WhatsApp, and/or other messaging application communications, between you and the persons identified in your answer to the previous interrogatory for the time frame of January 1, 2021 to present.

The "previous interrogatory" (Interrogatory No. 1) called for Plaintiff to identify "each person you believe to have knowledge with respect to the factual allegations, causes of action, defenses, and/or alleged damages in this matter."  Plaintiff answered Interrogatory No. 1 "See Plaintiff's Initial Disclosures dated December 1, 2021."  Then Plaintiff responded to RFP No. 1 with an objection based on attorney-client privilege, followed by a statement that "Plaintiff has no documents, written communications, or other documentation." [12]  This response is inconsistent

---

[10] Selby Declaration, **Exhibit B**.
[11] Selby Declaration, **Exhibit C**.
[12] Selby Declaration, **Exhibit C**, 3:2 – 13.

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 3
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone:  (253) 327-1900
Facsimile:  (253) 327-1700

with Plaintiff's Initial Disclosures in which Plaintiff claimed to have documents by his employer and Dr. Sanford.

Defendant Troyer's next RFP states:

**REQUEST FOR PRODUCTION NO. 2:** Produce true and complete copies of all documents relating to your alleged emotional distress, humiliation, fear, trauma, pain and suffering, and any medical expenses flowing therefrom. This request is meant to include, but is not limited to, written communications with any of the persons identified in answer to the previous interrogatory and relating to your alleged emotional distress, humiliation, fear, trauma, pain and suffering, and any medical expenses flowing therefrom.

In response, Plaintiff objected, alleging attorney-client privilege, overly broad, and vague. Plaintiff went on to say "[a]ny documents that may have produced by a treatment provider are not in Plaintiff's possession. Without waiving the objection, Plaintiff does not have any written communications or medical bills. . . ."[13] This response is inconsistent with Plaintiff's Initial Disclosures, which stated that Plaintiff possessed therapy records from Dr. Sanford.

Next, at Interrogatory No. 4, Defendant Troyer inquired about Plaintiff's alleged damages:

**INTERROGATORY NO. 4:** Identify any and all damages you allege as a result of the claims asserted in this matter. Your answer should include, without limitation, the category of damages (economic, noneconomic, etc.), the amount, the claim for which you believe the damages apply, the manner in which you calculated those damages, and the time period in which those damages were alleged to have occurred.

After objecting on the grounds of overbroad and vague, Plaintiff answered, in part: "As a result of the encounter with Sheriff Troyer on January 27, 2021, Plaintiff suffered from Post-Traumatic Stress Disorder (PTSD), severe anxiety, stress, depression, and withdrawal." Plaintiff offered additional explanation of how and when his alleged PTSD symptoms are heightened.[14] Notably, however, Plaintiff did not address economic damages, the amount, or the other aspects of the Interrogatory.

Finally, Interrogatory No. 6 and RFP No. 9 go together:

---

[13] Selby Declaration, **Exhibit C**, 3:21 – 4:4.
[14] Selby Declaration, **Exhibit C**, 4:11 – 5:14.

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 4
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

**INTERROGATORY NO. 6:** Identify all mental health treatment you have sought at any time prior to, during, or subsequent to the events described in your Complaint. Your answer should identify, without limitation, the nature of the mental health concerns, names of the treatment provider(s), dates of visits, the nature of your treatment, and the recommended course of treatment, including any medications recommended or prescribed.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents related to your answer to the prior Interrogatory.

In answer to Interrogatory No. 6, Plaintiff stated the following: "Objection, attorney-client privilege, overly broad, cumulative, and not reasonably calculated to lead to admissible evidence. Without waiving the objection, Plaintiff has no documentation. Plaintiff reserves the right to supplement this answer." Plaintiff repeated this statement in response to RFP No. 9.[15]

**B.      Meet and Confer**

Plaintiff's discovery responses are inconsistent with his Initial Disclosures and incomplete. Plaintiff is attempting to circumvent his discovery obligations in an attempt to prevent Defendant Troyer from obtaining information and documents relevant to Plaintiff's claims. As noted above, Plaintiff alleges a host of severe mental health conditions and damages, yet he has failed to produce therapy records purportedly in his possession, custody, or control, and he has not identified any treatment provider. Likewise, Plaintiff failed to elaborate on his damages claim, including failing to identify economic damages, the amount of same, the calculation of such damages, etc.

On May 5, 2023, Defendant Troyer's counsel sent Plaintiff's counsel a letter outlining his concerns and requesting a meet and confer conference.[16] Also, the May 5, 2023, correspondence notified Plaintiff's counsel of Defendants' request for Plaintiff to agree to participate in a mental examination pursuant to Fed. R. Civ. P. 35. Defendant Troyer's counsel identified the examiner as Alan W. Newman, M.D., L.F.A.P.A. and advised that Dr. Newman requests at least one full day if performed in person or two half-days if performed by Zoom. Defendant Troyer's counsel

---

[15] Selby Declaration, **Exhibit C**, 8:8 – 21.
[16] Selby Declaration, **Exhibit D**.

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 5
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone:  (253) 327-1900
Facsimile:  (253) 327-1700

informed Plaintiff's counsel that Dr. Newman requests to record the entire examination and that Plaintiff not be accompanied by any person in the room during examination.[17]

Plaintiff's counsel and Defendant Troyer's attorney met and conferred by telephone on May 11, 2023. During the call, Plaintiff's counsel advised that Dr. Katrina Sanford's inclusion on Plaintiff's Initial Disclosures was a "scrivener's error." Plaintiff's counsel declined to identify any medical provider for Plaintiff, including physician, therapist, or counselor. As for damages, Plaintiff's counsel conceded that Plaintiff is not seeking economic damages despite statements to the contrary in Plaintiff's Complaint and Initial Disclosures. Plaintiff's counsel refused to amend or supplement any of Plaintiff's answers or responses to Defendant Troyer's First Interrogatories and Requests for Production.

Likewise, Plaintiff's counsel rejected Defendant Troyer's request for a mental examination of Plaintiff.[18]

**C.     The Rule 35(a) Examination**

Plaintiff claims to have suffered severe emotional distress as a result of Defendant Troyer's alleged actions. Among other things, Plaintiff claims that he suffers from PTSD, severe anxiety, stress, depression, and withdrawal. Plaintiff has not produced any documentation to support these claims, and he has apparently withdrawn the one person previously identified as a therapist (Dr. Sanford). Therefore, Defendants seek a mental examination of Plaintiff so they may evaluate Plaintiff's claimed condition and damages.

### III.     ISSUES PRESENTED

1.     Plaintiff claims that he suffers from PTSD, severe anxiety, stress, depression, and withdrawal as a result of his encounter with Defendant Troyer. Additionally, Plaintiff has previously stated that he seeks economic damages in this lawsuit. Plaintiff has failed to identify any medical provider, therapist, or counselor with whom he has ever treated, and he has failed to

---

[17] Selby Declaration, ¶ 6 and **Exhibit E**.
[18] Selby Declaration, ¶ 7.

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 6
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone:  (253) 327-1900
Facsimile:  (253) 327-1700

provide information regarding his alleged economic damages. Should the Court enter an Order compelling Plaintiff fully and completely respond to Defendant Troyer's Interrogatory Nos. 4 and 6 and RFP Nos. 1, 2, and 9?

2. Plaintiff contends that he suffers from PTSD, severe anxiety, stress, depression, and withdrawal as a result of his encounter with Defendant Troyer. Should the Court enter an Order directing Plaintiff to undergo a mental examination with Alan W. Newman, M.D., L.F.A.P.A. to determine the nature and extent of Plaintiff's conditions and damages?

### IV.   ARGUMENT

**A.   Fed. R. Civ. P. 26(b) provides for broad discovery.**

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the particular discovery in resolving issues, and whether the burden or expense of the discovery outweighs its likely benefit.[19]

"Relevant" is not defined but has been broadly construed to mean "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[20] The Court has broad discretion in considering the factors regarding whether the requested discovery is proportional to the needs of the case.[21]

In the case at bar, the discovery requests at issue seek information and documents relating to persons with relevant knowledge, Plaintiff's alleged emotional distress damages and related mental health conditions, and Plaintiff's damages. The discovery requests go to the core of this case and request information and documents particularly within Plaintiff's possession, custody, or control. Plaintiff has stymied Defendant Troyer's ability to investigate Plaintiff's claims and

---

[19] Fed. R. Civ. P. 26(b)(1).
[20] *Oppenheimer Funds, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).
[21] *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.,* 936 F.3d 251, 260 (5th Cir. 2019).

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 7
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

alleged damages and to support his own defenses. Therefore, the requested discovery is proportional to the needs of this case.

**B.     Plaintiff has failed to respond to discovery, or in some instances, has provided responses inconsistent with his Complaint and Initial Disclosures.**

1.     <u>RFP No. 1</u>. In his Initial Disclosures, Plaintiff identified his employer, Darin Steiner, as a person likely to have discoverable information that Plaintiff may use to support his claims. Plaintiff stated that he had within his possession, custody, or control employment records from Mr. Steiner. In response to Defendant Troyer's Interrogatory No. 1 (persons with knowledge with respect to the factual allegations, causes of action, defenses, and/or alleged damages), Plaintiff referred to his Initial Disclosures. However, in response to RFP No. 1, which demanded production of documents and written communications with persons identified in answer to Interrogatory No. 1, Plaintiff stated that he has "no documents, written communication, or other documentation." This is inconsistent with Plaintiff's Initial Disclosures. Defendant Troyer asks the Court to direct Plaintiff to produce the employment records identified in his Initial Disclosures, along with any other responsive documents relating to Darin Steiner.

Similarly, in his Initial Disclosures, Plaintiff identified therapy records from Dr. Katrina Sanford, PsyD, as being in his possession, custody, or control, yet he did not produce any records from Dr. Sanford in response to RFP No. 1. At the meet and confer conference, Plaintiff's counsel advised that the reference to Dr. Sanford in the Initial Disclosures was a "scrivener's error," but to date, Plaintiff has not amended his Initial Disclosures or supplemented his response to RFP No. 1. Defendant Troyer requests that the Court direct Plaintiff to either produce responsive records or amend his Initial Disclosures to remove Dr. Sanford.

2.     <u>RFP No. 2</u>. Defendant Troyer requested production of "all documents relating to your alleged emotional distress, humiliation, fear, trauma, pain and suffering, and any medical expenses flowing therefrom." Defendant Troyer borrowed this language from Plaintiff's Complaint and Initial Disclosures. Documentation relating to Plaintiff's alleged condition(s) is

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 8
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone:  (253) 327-1900
Facsimile:  (253) 327-1700

relevant and permissible with the scope of Fed. R. Civ. P. 26(b). As noted above, in his Initial Disclosures, Plaintiff identified therapy records from Dr. Katrina Sanford as being in his possession, custody, or control. Plaintiff's Response to RFP No. 2 is vague and inconsistent with his Initial Disclosures. Plaintiff states "[a]ny documents that may have been produced by a treatment provider are not in Plaintiff's possession." This does not answer whether such documents are in Plaintiff's control. Plaintiff went on to state that he has no written communications or medical bills. Plaintiff produced no documents in response to this RFP. At the meet and confer conference, Plaintiff's counsel advised that Plaintiff's inclusion of Dr. Sanford in his Initial Disclosures was a "scrivener's error," but she did not identify any other treatment provider or otherwise offer to supplement Plaintiff's response. Defendant Troyer asks the Court to direct Plaintiff to produce all responsive records within his possession, custody, or control, as permitted by Fed. R. Civ. P. 34.

      3.     <u>Interrogatory No. 4</u>. Defendant Troyer's Interrogatory No. 4 seeks detail regarding Plaintiff's alleged damages. This request builds off of Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires a computation of each category of damages. Plaintiff has claimed economic damages in both his Complaint and Initial Disclosures. In his Answer to this Interrogatory, however, Plaintiff failed to categorize his alleged damages, state the amount of purported damages, the claim or claims for which they apply, the manner in which he calculated damages, or the time period in which they allegedly occurred, all of which were requested in the interrogatory. At the meet and confer conference, Plaintiff's counsel eventually conceded that Plaintiff is not alleging or seeking economic damages. Other than that oral concession, Plaintiff's counsel declined to supplement Plaintiff's Answer. Defendant Troyer asks the Court to direct Plaintiff to supplement his Answer, at a minimum confirming that he is withdrawing any claim for economic damages.

      4.     <u>Interrogatory No. 6 and RFP No. 9</u>. Plaintiff has made his mental health a central issue in this lawsuit. Plaintiff's Complaint and Initial Disclosures identify "[e]motional distress, humiliation, fear, trauma, pain and suffering," and therefore, Defendant Troyer's request for

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 9
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone:  (253) 327-1900
Facsimile:  (253) 327-1700

1  identification of all mental health treatment prior to, during, or subsequent to the events at issue in
2  this lawsuit sought information and documentation relevant to the claims, defenses, and damages
3  in this lawsuit. Interrogatory No. 6 specifically asked Plaintiff to identify the nature of mental
4  health concerns, names of treatment providers, dates of visits, and nature and course of treatment.
5  Plaintiff's statement in response to Interrogatory No. 4 that he "has suffered from Post-Traumatic
6  Stress Disorder (PTSD), severe anxiety, stress, depression, and withdrawal," cements the
7  relevance of the information sought in Interrogatory No. 6 and the documentation requested in
8  RFP No. 9. In answering Interrogatory No. 6, Plaintiff sidestepped the interrogatory entirely,
9  failing to identify his mental health concerns, treatment providers, dates of visits, or nature and
10 course of treatment. Instead, he stated simply that he possesses no documents. Plaintiff's Answer
11 is nonresponsive and a blatant attempt to conceal relevant evidence. Plaintiff's Response to RFP
12 No. 9 takes the same position. Defendant Troyer asks the Court to direct Plaintiff to supplement
13 his Answer to Interrogatory No. 6 with all of the requested information. Further, the Court should
14 order Plaintiff to supplement his Response to RFP No. 9 by producing responsive documents
15 within his possession, custody, or control.

**C.    There is good cause to direct Plaintiff to undergo a Rule 35(a) examination.**

The Court may order a party to undergo a physical or mental examination following a motion showing good cause.[22] "Rule 35(a) is to be construed liberally in favor of granting discovery."[23] When a plaintiff has affirmatively placed in controversy his mental condition, good cause exists to order an examination under Rule 35(a).[24] In instances where the plaintiff has placed the severity of his emotional problems in the record, and they will play a central role in the case, there is good cause for a Rule 35(a) mental examination.[25]

---

[22] Fed. R. Civ. P. 35(a).
[23] *Eckman v. University of Rhode Island,* 160 F.R.D. 431, 433 (D. R.I. 1995) citing *Cody v. Marriott Corp.,* 103 F.R.D. 421 (D. Mass. 1984).
[24] Fed. R. Civ. P. 35(a); see also *Schlagenhauf v. Holder,* 39 U.S. 104, 119 (1964).
[25] *Eckman v. University of Rhode Island,* 160 F.R.D. at 434.

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY
RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 10
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

Here, Plaintiff placed his mental condition in controversy in his Complaint and then again with his Answer to Interrogatory No. 4 when he stated that "As a result of the encounter with Sheriff Troyer on January 27, 2021, Plaintiff has suffered from Post-Traumatic Stress Disorder (PTSD), severe anxiety, stress, depression, and withdrawal." Defendants question the existence, extent, and causation of Plaintiff's alleged emotional injuries and should be permitted an opportunity to investigate these issues via a mental examination conducted by a qualified medical professional.

Defendant Troyer requests that the Court enter an Order compelling Plaintiff to participate in a Rule 35(a) mental examination on a mutually agreed upon date between June 19 – 30, 2023, with Alan W. Newman, M.D., L.F.A.P.A. At the meet and confer, Plaintiff's counsel declined to agree to the Rule 35(a) examination but did not offer any bases for their position.

Dr. Newman is Chair of the Department of Psychiatry at California Pacific Medical Center, Sutter Health, in San Francisco, California and has served as an expert witness in Forensic Psychiatry since 2014, having testified in multiple jurisdictions across the country, including Washington. Regarding the anticipated four-to-eight-hour examination itself, Dr. Newman is willing to be flexible whether it be conducted in person or by Zoom, but he does ask that the Court permit him a full day if in person and two half-days if by Zoom. Dr. Newman requests the right to record the entire examination. The rationale behind this request is that by recording the examination, there is a ready means of determining what was actually said or done in the event of disagreement after the fact. Also, the Court should restrict the examination to Dr. Newman and Plaintiff to ensure that there is no interference or distraction during the process. Dr. Newman's examination would utilize, among other things, the Trauma Symptom Inventory, the Adverse Childhood Experiences Scale, the Personality Assessment Inventory, QuickSCID-5, a Mini-International Neuropsychiatric Interview, a forensic interview, and a Cognistat Cognitive Assessment.[26]

---

[26] Selby Declaration, ¶ 6.

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 11
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700

Due to Dr. Newman's schedule and the August 2, 2023 expert testimony disclosure deadline, Defendant Troyer requests the window of June 19 – 30, 2023 for the examination. This should allow Dr. Newman sufficient time to complete his evaluation before the deadline.

### V. CONCLUSION

Plaintiff claims that Defendant Troyer's actions have caused him severe mental conditions for which he seeks substantial damages, yet Plaintiff has failed to answer discovery with information and documents relevant to the claims, defenses, and/or damages at issue, and he has declined to participate in a mental examination. Plaintiff wants to have his cake and eat it, too. By placing his mental condition in controversy, he has subjected himself to discovery about his mental health and alleged damages. Defendant Troyer respectfully requests that the Court enter an Order compelling Plaintiff to supplement his Answers to Interrogatory Nos. 4 and 6 and his Responses to RFP Nos. 1, 2, and 9. Additionally, Defendant Troyer asks that the Order compel Plaintiff to participate in a Rule 35(a) mental examination on a mutually agreed date between June 19 – 30, 2023 with Dr. Alan W. Newman on the conditions identified in the proposed Order filed herewith.

DATED this 18th day of May 2023.

LEDGER SQUARE LAW, P.S.

By: *s/ L. Clay Selby*
L. Clay Selby, WSBA # 26049
Eric F. Schacht, WSBA # 56342
Ledger Square Law, P.S.
710 Market St.
Tacoma, WA 98402
Phone:      (253) 327-1900
Facsimile:  (253) 327-1700
Email:      clay@ledgersquarelaw.com
            eric@ledgersquarelaw.com
Attorneys for Defendant Troyer

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 12
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone:  (253) 327-1900
Facsimile:  (253) 327-1700

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below, I caused to be served the foregoing document on the following persons and in the manner listed below:

| | |
|---|---|
| Susan B. Mindenbergs<br>Law Office of Susan B. Mindenbergs<br>705 Second Ae., Suite 1050<br>Seattle, WA 98104-1759 | ☒ CM/ECF<br>☐ Via Legal Messenger<br>☐ Overnight Courier<br>☐ Electronically via email<br>☐ Facsimile |
| Vonda M. Sargent<br>The Law Office of Vonda M. Sargent<br>119 First Ave. S, Suite 500<br>Seattle, WA 98104-3400 | ☒ CM/ECF<br>☐ Via Legal Messenger<br>☐ Overnight Courier<br>☐ Electronically via email<br>☐ Facsimile |
| Gregory E. Jackson<br>Jackson & Nicholson, P.S.<br>900 SW 16th St., Suite 215<br>Renton, WA 98057-2619 | ☒ CM/ECF<br>☐ Via Legal Messenger<br>☐ Overnight Courier<br>☐ Electronically via email<br>☐ Facsimile |

DATED this 18th day of May 2023, at Tacoma, Washington.

*s/ Amy Jean Shackelford*
Amy Jean Shackelford, PP, PLS
Legal Assistant to L. Clay Selby and
Eric F. Schacht

DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 13
Cause No. 2:21-cv-01437 RSM

LEDGER SQUARE LAW, P.S.
710 Market St.
Tacoma, WA 98402
Phone: (253) 327-1900
Facsimile: (253) 327-1700