UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEDRICK DEWAYNE ALTHEIMER,<br><br>　　Plaintiff,<br><br>v.<br><br>PIERCE COUNTY, WASHINGTON, and PIERCE COUNTY SHERIFF EDWARD C. TROYER (a/k/a/ Ed Troyer), in his individual and official capacity,<br><br>　　Defendant. | Case No. 2:21-cv-01437 RSM<br><br>ORDER GRANTING DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION |

This matter comes before the Court on Defendant Troyer's Motion to Compel Discovery Responses and Fed. R. Civ. P. 35(a) Examination, Dkt. #27. Defendant Troyer asks the Court to compel Mr. Altheimer to supplement his Answers to Interrogatory Nos. 4 and 6 and his Responses to RFP Nos. 1, 2, and 9. Additionally, Mr. Troyer asks the Court to compel Mr. Altheimer to participate in a Rule 35(a) mental examination.

Fed. R. Civ. P. 26(e)(1)(A) states:

> A party must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

ORDER GRANTING DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 1

Mr. Altheimer indicates in his Response that circumstances have changed since the parties exchanged initial disclosures on December 1, 2021, such as his inability to afford therapeutic treatment from Dr. Sanford, his lack of medical and employment records, and his decision to no longer seek economic damages. *See* Dkt. #31. Mr. Altheimer has a duty to supplement or correct his disclosures under Fed. R. Civ. P. 26(e)(1)(A). He does not dispute this. The Court will order him to do so, and to also provide accurate and complete responses to the related Interrogatory Nos. 4 and 6 and Request for Production Nos. 1, 2, and 9.

The parties have mostly reached an agreement on the Rule 35(a) examination dispute. Thus, the Court will limit its discussion to the main issue in question: whether Mr. Altheimer will be allowed to have a representative present at the examination. Courts dealing with Rule 35(a) examinations are often reluctant to permit a third party or recording device at the examination out of concern that the intrusion would potentially invalidate the examination results and that such presence "would inject a greater degree of the adversarial process into an evaluation which is intended to be neutral." *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 518 (C.D. Cal. 2019) (quoting *Galieti v. State Farm Mut. Auto. Ins. Co.*, 154 F.R.D. 262, 264-65 (D. Colo. 1994)). The request to have a third person present during the examination in this case will be denied because the examination will be recorded and because Mr. Altheimer fails to explain why the presence of a third person would be required. Further, the recording of the examination will afford the parties the opportunity to review and note any potential issues.

The parties now agree that Mr. Altheimer shall attend a mental examination conducted by Alan W. Newman, M.D., L.F.A.P.A. The examination is to take place on a mutually agreeable date and shall comply with the terms and conditions below:

ORDER GRANTING DEFENDANT TROYER'S MOTION TO COMPEL DISCOVERY RESPONSES AND FED. R. CIV. P. 35(a) EXAMINATION - 2

1. The examination will be conducted either on Zoom or in-person at a location acceptable to all parties, but it shall not be at an office or residence of any party or counsel of record in this case.

2. The examination shall last a maximum of eight hours. If the examination is conducted in-person, the examination should be conducted in approximately 8 hours over the course of a single day. If the examination is conducted by Zoom, the examination will occur in two separate four-hour sessions.

3. The examiner(s) or staff should limit their inquiry to the circumstances surrounding the alleged occurrence, so long as it is relevant to the condition in controversy.

4. No third person may be present for examination.

5. The examiner may record audio but not video of the examination. The audio recording shall be made available to the parties simultaneously.

6. The examiner(s) shall prepare a detailed report which shall be delivered to Mr. Altheimer's attorney within 45 days of the examination.

The Court expects the parties to work out any remaining issues in good faith.

Having reviewed Defendant Troyer's Motion to Compel Discovery Responses and Fed. R. Civ. P. 35(a) Examination, Plaintiff's Response, Defendant's Reply, and the remainder of the record, the Court hereby finds and ORDERS Defendant's Motion to Compel, Dkt. #27, is GRANTED as stated above.

DATED this 26th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE