THE HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

SEDRICK DEWAYNE ALTHEIMER,

Plaintiff,

11   v.

12   PIERCE COUNTY, WASHINGTON, and
PIERCE COUNTY SHERIFF EDWARD
13   TROYER, (a/k/a Ed Troyer), in his individual
and official capacity,

14

15                                    Defendants.

16

Case No. 2:21-cv-01437-RSM

**PLAINTIFF'S MOTION
FOR SANCTIONS**

Note on Motion Calendar: 10/27/2023

17                    **I.      RELIEF REQUESTED**

18        Plaintiff Sedrick Dewayne Altheimer ("Plaintiff") respectfully requests that this Court issue

19   an order sanctioning Defendants Edward C. Troyer and Pierce County pursuant to Fed. R. Civ. P.

20   37 (a), (b), and (d) for failing to appear at a properly noticed deposition and for presenting an

21   unprepared witness to testify on behalf of Pierce County in accordance with Fed. R. Civ. P. 30(b)(6).

22                    **II.     STATEMENT OF FACTS**

23   **A. Counsel for Defendant Troyer accepted service of process for Wendy Kaleiwahea-
Troyer, then refused to present her for deposition at the time and place properly noticed.**

24

25        On August 25, 2023, Defendant Troyer's attorney L. Clay Selby ("Mr. Selby") wrote an email

26   to Plaintiff's counsel in which he notified them that Wendy Kaleiwahea-Troyer would be available

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

on October 2, 2023. Mindenbergs Decl., Ex. A. Mr. Selby agreed to accept service of process for both Defendant Troyer and his wife, Ms. Kaleiwahea-Troyer. Based on Mr. Selby's representation, on September 5, 2023, Plaintiff served Mr. Selby with notices of deposition for both Sheriff Troyer and his wife, Wendy. Mindenbergs Decl., Ex. B. On October 1, 2023, at 6:55 p.m., Mr. Selby wrote an email to Plaintiff's counsel in which he admitted to accepting service of process for Ms. Kaleiwahea-Troyer but claiming that because he had not received a subpoena compelling her testimony, she would not be appearing on the date he had identified as available for her deposition testimony. Mindenbergs Decl., Ex. C at 2-3. Ms. Kaleiwahea-Troyer did not appear for her deposition at the time and date selected by Mr. Selby. Mindenbergs Decl. ¶¶3, 6. Mr. Selby sent another email in which he stated that Ms. Kaleiwahea-Troyer would testify remotely on October 3 or 4, both of which are after the discovery cut-off date ordered by the Court. Mindenbergs Decl., Ex. C at 3. Plaintiff's counsel responded that Mr. Selby did not have the authority to arbitrarily ignore the Court's scheduling order. Mindenbergs Decl. ¶16, Ex. C at 2. Mr. Selby failed to seek a protective order and failed to move for a continuance of the discovery cut-off date.

**B. Pierce County failed to provide a Fed. R. Civ. P. 30(b)(6) witness to respond to more than one-half of the inquiries in the Notice served on Defendant Pierce County.**

Pierce County has been extremely slow in responding to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. Plaintiff propounded discovery requests in early May 2023. ECF No. 43 at 1. Pierce County produced its latest response to Plaintiff's discovery requests on October 2, 2023. Mindenbergs Decl., Ex. D. Pierce County claimed it would produce responses on a rolling basis due to the size of the request. ECF No. 48 at 2-3. Because of the rolling discovery responses, Plaintiff Altheimer was unsure if Pierce County would produce documents related to Fed. R. Civ. P. 30(b)(6) inquires, especially those concerning the fact that the Pierce County Prosecuting Attorney's Office placed Sheriff Edward C. Troyer on what is designated as the Prosecutor's Impeachment Evidence (PIE) list, or on what is known as the *Brady v. Maryland*, 373 U.S. 83 (1963) list. Despite Pierce County's failure to produce the PIE or *Brady* material

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

regarding Sheriff Troyer with the exception of two single pages with no information about how the decision was made, Plaintiff notified Pierce County on August 11, 2023, that he intended to conduct a Fed. R. Civ. P. 30(b)(6) deposition. Mindenbergs Decl., Ex. E. On August 14, 2023, Pierce County responded to Plaintiff's in a letter with a request that Plaintiff provide a list of proposed deposition topics for the Fed. R. Civ. P. 30(b)(6) representative. Mindenbergs Decl., Ex. F. On August 24, 2023, Plaintiff provided Pierce County a list of the inquiries sought in a Fed. R. Civ. P. 30(b)(6) deposition and asked for available deposition dates. Mindenbergs Decl., Ex. G. The 13 inquiries outlined for the proposed Fed. R. Civ. P. 30(b)(6) witness are as follow:

1.  Knowledge of Pierce County Sheriff's Department policies regarding false arrests in effect at the time of the incident on January 27, 2021;

2.  Knowledge of Pierce County Sheriff's Department policies and training provided for both racial profiling and investigations of racial profiling complaints;

3.  Knowledge of Pierce County Sheriff's Department policies and procedures for monitoring the location of the sheriff at all times;

4.  Knowledge of Pierce County Sheriff's Department policy guidelines for identifying and releasing information about Sheriff Edward C. Troyer under the *Brady v. Maryland*, 373 U.S. 83 (1963) holding;

5.  Knowledge of whether Sheriff Edward C. Troyer is subject to the *Brady v. Maryland*, 373 U.S. 83 (1963) holding, and if so, how that designation was determined and whether it remains in effect;

6.  Knowledge of to whom the *Brady v. Maryland*, 373 U.S. 83 (1963) determination for Sheriff Edward C. Troyer has been released and why it was released;

7.  Knowledge of Pierce County Sheriff's Department policy guidelines for procedures when the sheriff has been charged with a criminal offense;

8.  Knowledge of whether an interim sheriff was appointed when Sheriff Edward C. Troyer was charged with a criminal offense;

9.  Knowledge of Pierce County Sheriff's Department policy guidelines for whom to communicate related to criminal charges of any Pierce County Sheriff's Department employee;

PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 2:21-cv-01437-RSM
Page 3 of 10

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

10. Knowledge of Pierce County Sheriff's Department policy guidelines for dissemination of information Sheriff Edward C. Troyer's inclusion on the "Brady List";

11. Knowledge of the impact on existing cases Sheriff Edward C. Troyer was involved in after he was placed on the "Brady List";

12. Knowledge of who monitors and/or evaluates the conduct and performance of the Pierce County sheriff and how that is conducted; and

13. Knowledge of why Internal Affairs does not investigate the alleged conduct of the Pierce County sheriff.

Pierce County did not respond to Plaintiff's list of inquiries and no available dates were provided. After hearing no response, Plaintiff set the Fed. R. Civ. P. 30(b)(6) deposition for September 13, 2023, and provided a deposition notice to Pierce County on September 5, 2023. Mindenbergs Decl., Ex. H. On September 11, 2023, Pierce County's attorney Gregory E. Jackson ("Mr. Jackson") notified Plaintiff in an emailed letter that "[o]ne of Defendant's FRCP 30(b)(6) designees is unavailable September 13, 2023" and that the deposition would have to be rescheduled. Mindenbergs Decl., Ex. I at 6. Plaintiff's counsel responded to said letter in an email providing several alternative dates that Plaintiff would be available and requested for Mr. Jackson to respond with the Fed. R. Civ. P. 30(b)(6) witness(es) availability by the close of business on September 12, 2023. *Id.* at 4-5. In response to Plaintiff's counsel's email dated September 11, 2023, Mr. Jackson sent a letter indicating that the County could not accommodate Plaintiff's request to reschedule the Fed. R. Civ. P. 30(b)(6) deposition and that the Fed. R. Civ. P. 30(b)(6) witness was out of town and not available until after September 18, 2023, for a deposition. *Id.* at 2. Endeavoring to give Pierce County an ample opportunity to prepare its Fed. R. Civ. P. 30(b)(6) witness and after multiple delays and lack of response from Pierce County's counsel concerning the Fed. R. Civ. P. 30(b)(6) deposition, Plaintiff set September 21, 2023, as the date for the Fed. R. Civ. P. 30(b)(6) deposition. Mindenbergs Decl. ¶13, Ex. I at 1. Thereafter, Plaintiff provided Pierce County with an Amended Notice of Remote Video Conference Deposition for the Fed. R. Civ. P. 30(b)(6) deposition to be

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

conducted on September 21, 2023, which included the 13 inquiries identified on August 24, 2023. Mindenbergs Decl., Ex. J.

On September 20, 2023, Mr. Jackson sent a letter to Plaintiff's counsel objecting to several of the inquiries in the Fed. R. Civ. P. 30(b)(6) notice and indicated that neither he nor his witness would be attending the deposition scheduled for the next day. Mindenbergs Decl., Ex. K.  Instead, Mr. Jackson stated that Pierce County had identified two Fed. R. Civ. P. 30(b)(6) witnesses and that one could appear on October 3, 2023, and that a date for the other witness would be provided at a later date. *Id.* Both the date proposed for one of the witnesses and a "later date" were beyond the Court ordered discovery cut-off date. ECF No. 25. Plaintiff's counsel repeatedly told Mr. Jackson that the parties could not arbitrarily extend discovery without permission of the Court, which Pierce County had not sought. Mindenbergs Decl. ¶16.

Finally, on September 25, 2023, Mr. Jackson notified Plaintiff's counsel that one of its Fed. R. Civ. P. 30(b)(6) witnesses was available on October 2, 2023, the Court-ordered discovery cut-off date. Mindenbergs Decl., Ex. L. Plaintiff sent Pierce County an Amended Notice of Deposition set for the date identified by Mr. Jackson to be held at the King County Superior Court Law Library. Mindenbergs Decl., Ex. C at 12.  Mr. Jackson has repeatedly objected to appearing for depositions set in Seattle. Mindenbergs Decl. ¶21, Ex. C at 5-7, 10-11. On Sunday, October 1, 2023, at approximately 1:30 p.m., Mr. Jackson notified Plaintiff's counsel that neither he nor his witness would appear in Seattle for the deposition that had been noted. Mindenbergs Decl., Ex. C at 5-6. Plaintiff's counsel responded that the parties would be in person at the King County Law Library for Ms. Kaleiwahea-Troyer's deposition scheduled for October 2, 2023, at 10:00 a.m., and that the Fed. R. Civ. P. 30(b)(6) deposition date was set by Mr. Jackson. *Id.* at 7. Mr. Jackson responded by stating that there was nothing compelling Ms. Kaleiwahea-Troyer's deposition and that he would not appear with his witness in Seattle because the presumptive location was the corporate office of the witness. *Id.* at 5, 10. Plaintiff's counsel noted that Mr. Selby had accepted service of process for Ms. Kaleiwahea-Troyer. *Id.* at 3. Mr. Selby then wrote an email indicating that because there was

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

no subpoena compelling Ms. Kaleiwahea-Troyer to attend, even though he accepted service of process for her, he refused to produce her. *Id.* at 2-3. Because Ms. Kaleiwahea-Troyer refused to attend her deposition and because Mr. Jackson refused to bring his witness to Seattle, Plaintiff's counsel conducted the Fed. R. Civ. P. 30(b)(6) deposition remotely inasmuch as Pierce County refused to appear as noticed in Seattle. Mindenbergs Decl. ¶18, Ex. M.

Pierce County's Fed. R. Civ. P. 30(b)(6) witness could address only six of Plaintiff's 13 areas of inquiry. Mindenbergs Decl., Ex. N, Hausner Dep. 9:9-10, 17-18, 10:1-14:19, Exs. 1, 25. The witness testified he was not prepared to answer seven of the areas of inquiries in the Notice of Deposition. Hausner Dep. 13:23-15:3. Pierce County stated that Plaintiff's inquiries numbered 4, 5, 6, and 11 could be addressed by another witness, but that the other witness' deposition would not take place within the discovery cut-off time period. Mindenbergs Decl., Ex. C at 6. Pierce County sought no protective order regarding its failure to respond to Plaintiff's inquires and failed to move the Court to continue the discovery cut-off date.

### III.   ISSUES PRESENTED

1. **Should the Court order sanctions where Defendant's counsel accepted service of process for a witness then failed to appear at the time and date noticed?**

2. **Should the Court order sanctions where the Fed. R. Civ. P. 30(b)(6) witness was unprepared to address more than one-half of the inquiries identified in the notice?**

### IV.   EVIDENCE RELIED UPON

Plaintiff relies upon the evidence contained in the Declaration of Susan B. Mindenbergs, the exhibits thereto, and the pleadings and documents filed herein.

### V.   ARGUMENT

**A. Defendant Troyer's counsel accepted service of process for Defendant's wife then refused and failed to appear at the deposition with the witness.**

"In order to cancel or stay a properly noticed deposition, the opposing party must obtain a protective order before the deposition date in order to relieve the deponent or [his] counsel of the

PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 2:21-cv-01437-RSM
Page 6 of 10

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

duty to appear [at] the properly noticed deposition." *Elizondo v. Seaworld Parks & Entertainment, Inc.*, Case No. 20-cv-00829-GPC-BGS (W.D. Wash., May 13, 2021) (citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (unless a proposed deponent obtains a protective order which delays or dispenses with the deposition, the deponent must appear).

Here, Defendant Edward Troyer's attorney offered to accept service of process for Sheriff Troyer's wife. Mindenbergs Decl., Ex. A. Thereafter, Plaintiff served on Mr. Selby a Notice of Deposition set for the date requested by Mr. Selby. Mindenbergs Decl., Ex. B at 4-5. The evening before the designated deposition was to take place, Mr. Selby refused to attend and refused to produce the witness for whom he accepted service of process.  Mindenbergs Decl., Exs. A, C at 2-3. Neither Mr. Selby nor his witness appeared at the time, date, and place designated in the properly served notice. Mindenbergs Decl. ¶6. Plaintiff seeks sanctions disallowing the testimony of Wendy Kaleiwahea-Troyer at trial and fees and costs for being forced to bring this motion.

**B. Defendant Pierce County's Fed. R. Civ. P. 30(b)(6) witness was unprepared to answer Plaintiff's inquiries.**

Fed. R. Civ. P. 37 allows for sanctions if a party fails to appear for a properly noted deposition. "Producing an unprepared witness may be equivalent to a failure to appear that is sanctionable under Rule 37." *Westover v. Provident Life and Accident Insurance Co*., Case No. C20-5931-BHS (W.D. Wash., March 31, 2021) (other citations omitted).

The somewhat tortured history leading up to Pierce County's Fed. R. Civ. P. 30(b)(6) witness's testimony demonstrates Pierce County's dilatory conduct, if not outright bad faith. Plaintiff's counsel gave Pierce County ample opportunities to select and prepare a Fed. R. Civ. P. 30(b)(6) witness(es) within discovery cut-off dates. Instead of responding appropriately, Pierce County's counsel foot dragged, failed to respond, then refused to appear at the duly noticed date for the Fed. R. Civ. P. 30(b)(6) deposition scheduled first on September 13, 2023, then again for September 21, 2023. Mindenbergs Decl., Ex. K. Only when Plaintiff's counsel threatened to ask the Court to disallow the County from asserting a *Monell* liability defense did Defendant Pierce

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

County's counsel set a date for the Fed. R. Civ. P. 30(b)(6) deposition. Then, the evening before the deposition, Pierce County's counsel refused to allow the witness to attend the deposition at the location identified in the Notice of Deposition.[1]  Mindenbergs Decl., Ex. C at 5. Defendant Pierce County's Fed. R. Civ. P. 30(b)(6) witness would only respond to inquiries numbered 7, 8, 9, 10, 12, and 13. *Id.* at 11. Plaintiff is seeking sanctions against Pierce County for producing an unprepared witness for the Fed. R. Civ. P. 30(b)(6) deposition in the form of prohibiting Pierce County from asserting a *Monell* defense and for monetary sanctions.

**C. Sanctions excluding evidence and prohibiting a defense and monetary sanctions are appropriate under Fed. R. Civ. P. 30(b)(6).**

"The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails v. Insurance Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) citing *Torres v. City of L.A.,* 548 F.3d 1197, 1213 (9th Cir. 2008). Sanctions are appropriate against one who "impedes, delays or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). A finding of bad faith is not required to impose Rule 30(d)(2) sanctions. *Robinson v. Chefs' Warehouse,* No. 315CV05421RSKAW, 2017 WL 1064981, at *2 (N.D. Cal. Mar. 21, 2017). Fees and costs must be awarded when a party fails to appear for deposition unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(1)(A)(i); 37(d)(3).  In addition to fees and costs as a sanction, a party may be prohibited from supporting or opposing designated claims and defenses or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii), 37(b)(2)(C). Plaintiff is seeking sanctions excluding testimony from Wendy Kaleiwahea-Troyer and any evidence from Pierce County in defense of Plaintiff's *Monell* claim. Plaintiff is seeking fees and costs from both defendants for their failure to appear at properly noticed depositions.

---

[1] For some inexplicable reason, counsel for both defendants bitterly opposed any depositions to be set in Seattle even though the trial in this matter is set to be heard in Seattle. Other than Sheriff's Troyer's deposition which was held at the King County Courthouse Law Library to ensure that no weapons were allowed in the deposition, all other depositions taken in this case have been taken via Zoom or in Tacoma.  Mindenbergs Decl. ¶21.

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

1

## VI.    CONCLUSION

2          Plaintiff respectfully requests this Court enter an order sanctioning Defendant Edward C.

3  Troyer for failure to appear at a deposition for which his counsel accepted service of process. The

4  requested sanction is that the witness who failed to appear be excluded from testifying at trial and

5  the fees and costs incurred for forcing this motion to be filed. Plaintiff respectfully requests this

6  Court enter an order sanctioning Defendant Pierce County for failure to present a witness prepared

7  to answer the Fed. R. Civ. P. 30(b)(6) inquiries listed in the properly served notice and for costs and

8  fees incurred for forcing this motion to be filed.

9

10         DATED this 11th day of October 2023.

11                                              By:  /s/ Susan B. Mindenbergs
                                                Susan B. Mindenbergs, WSBA #20545
12                                              Law Office of Susan B. Mindenbergs
                                                705 Second Avenue, Suite 1050
13                                              Seattle, WA 98104
                                                Telephone: (206) 447-1560
14                                              Facsimile:  (206) 447-1523
                                                Email: susanmm@msn.com
15
16                                              By:  /s/ Vonda M. Sargent
                                                Vonda M. Sargent, WSBA #24552
17                                              The Law Offices of Vonda M. Sargent
                                                119 First Avenue South, Suite 500
18                                              Seattle, WA 98104
                                                Telephone: (206) 838-4970
19                                              Facsimile:  (206) 682-3002
                                                Email: sisterlaw@me.com
20
21                                              *Attorneys for Plaintiff*

22                                              I certify that this memorandum contains 2,929
                                                words in compliance with Local Civil Rules.
23
24
25
26

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM

1

**<u>CERTIFICATE OF SERVICE</u>**

2

      I hereby certify that on October 11, 2023, the undersigned caused a true and correct copy of

3

the foregoing document to be served in the manner indicated below upon the following

4

individual(s):

5

6

7

8

9

Gregory E. Jackson, WSBA #17541
Jackson & Nicholson, P.S.
900 SW 16th Street, Suite 215
Renton, WA 98057
Telephone: (206) 582-6001
Facsimile:  (206) 466-6085
Email: Greg@jnseattle.com
*Attorney for Defendant Pierce County, WA*

    ☐ Legal Messenger
    ☐ USPS First Class Mail
    ☐ Facsimile
    ☐ Electronic Mail
    ☐ UPS/FedEx Shipping
    ☒ CM/ECF

10

11

12

13

14

L. Clay Selby, WSBA #26049
Selby Morgan & Born, PLLC
1019 Regents Blvd., Suite 103
Fircrest, WA 98466
Telephone: (253) 446-8610
Facsimile:  (253) 327-1700
Email: clay@smb-lawyers.com
*Attorney for Defendant Edward C. Troyer*

    ☐ Legal Messenger
    ☐ USPS First Class Mail
    ☐ Facsimile
    ☐ Electronic Mail
    ☐ UPS/FedEx Shipping
    ☒ CM/ECF

15

16

      The foregoing statement is made under the penalty of perjury under the laws of the State of

17

Washington and is true and correct.

18

      DATED this 11th day of October 2023.

19

20

21

22

23

By: */s/ Christine A. Tobin*
Christine A. Tobin, *Paralegal*
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Facsimile:  (206) 447-1523
Email: christine@sbmlaw.net

24

25

26

PLAINTIFF'S MOTION FOR SANCTIONS
Case No. 2:21-cv-01437-RSM
Page 10 of 10

**SUSAN B. MINDENBERGS**
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104
TEL: (206) 447-1560; FAX: (206) 447-1523
SUSANMM@MSN.COM